IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMAAL A. MCNEIL, | ) | 8:13CV384 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's Objection (filing no. 12), Motion to Correct Judgment (filing no. 13) and Notice of Appeal (filing no. 14). The court dismissed this matter with prejudice and entered Judgment on February 13, 2014. (Filing Nos. 10 and 11.)

**I.   OBJECTION AND MOTION TO CORRECT JUDGMENT**

Plaintiff has filed an Objection and a Motion to Correct the court's February 13, 2014, Order and Judgment. (Filing Nos. 12 and 13.) Liberally construed, Plaintiff seeks relief from the Judgment under Federal Rules of Civil Procedure 59(e) and 60(b)(6). (*Id*.)

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . . Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations and quotations omitted).

Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within

a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The court has carefully reviewed Plaintiff's Objection and Motion and finds that he is not entitled to relief under Rule 59(e) or Rule 60(b)(6).

**II.     IFP REQUEST**

In his Objection, Plaintiff mentions that he would like to proceed in forma pauperis. (Filing No. 12.) Plaintiff has also filed a timely Notice of Appeal. (Filing No. 14.) However, as set forth in the Prison Litigation Reform Act, a prisoner cannot:

> [B]ring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff brought the following three cases that were dismissed because they failed to state a claim upon which relief may be granted:

- *McNeil v. Public Defender Office*, No. 4:06CV3204 (D. Neb.), dismissed on September 5, 2006. (Case No. 4:06CV3204, Filing Nos. 5 and 6.)

2

- *McNeil v. City of Omaha, et al.*, No. 8:07CV145 (D. Neb.), dismissed on May 16, 2007. (Case No. 8:07CV145, Filing Nos. 12 and 13.)

- *McNeil v. City of Omaha, et al.*, No. 8:07CV143 (D. Neb.), dismissed on August 26, 2008. (Case No. 8:07CV143, Filing Nos. 53 and 54.)

Plaintiff has not shown that he faces an imminent danger of serious physical injury, nor has he paid the filing fee for his appeal. Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff's Objection (filing no. 12) and Motion to Correct Judgment (filing no. 13) are denied.

2. Plaintiff's request for leave to proceed on appeal in forma pauperis (filing no. 13) is denied without prejudice to reassertion before the Eighth Circuit Court of Appeals.

3. The Clerk of the court is directed to send a copy of this order to the Eighth Circuit Court of Appeals.

DATED this 11th day of March, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.